UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-5849-BAT

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found at step two degenerative disc disease, right shoulder osteoarthritis, status post repair of musculotendinous cuff right shoulder and obesity are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; Plaintiff cannot perform past relevant work; and Plaintiff is not disabled because there are other jobs he can perform that exist in significant numbers in the national economy based upon the testimony provided by a vocational expert. Tr. 37- 45.

Plaintiff contends the ALJ harmfully erred by failing to mention or find his left shoulder impairment is a severe impairment at step-two and by failing to provide sufficient reasons to discount Plaintiff's testimony. As relief he requests the Court remand the case for further administrative proceedings.

ORDER AFFIRMING AND DISMISSING THE CASE - 1

## DISCUSSION

**A.      Left Shoulder Impairment**

Plaintiff bears the burden to show at step two he has a medically determinable impairment or combination of impairments, and the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). Plaintiff correctly argues he met his step two burden to show left should impairment is severe because the record shows Richard McLaughlin, M.D. diagnosed him with osteoarthritis of the left and right shoulders based upon x-ray evidence, Noeru Nakamura, D.O, and Lawrence Schafzinn M.D. concurred, and Dr. Nakamura assessed bilateral overhead and reaching limitations. *See* Tr. 793-94,

Although the ALJ erred in failing to find left shoulder impairment is severe at step two, the failure is harmless because the ALJ went on to consider Plaintiff's testimony about bilateral shoulder pain, and also considered the medical record regarding Plaintiff's shoulders in determining RFC. *See Tadesse v. Kijakazi*, No. 20-16064, 2021 WL 5600149, at *1 (9th Cir. Nov. 30, 2021) (step two error is harmless if ALJ's decision considered any limitations imposed by the contested impairment at either step four or step five.) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Thus, the ALJ's error at step two in failing to find left should impairment is severe is not itself grounds to reverse the ALJ's decision.

Plaintiff argues the ALJ erroneously failed to "mention," left shoulder impairment and "left it out of the RFC calculation." Dkt. 18 at 5-6. The ALJ's decision shows otherwise. The ALJ first mentioned Plaintiff's left shoulder impairment by acknowledging Plaintiff's testimony he "has pain in both shoulders," and "still has jabbing pain in shoulder and torn bicep on the left. He has problems lifting overhead and it is impossible for him to reach in front." Tr. 41. The ALJ

ORDER AFFIRMING AND DISMISSING THE CASE - 2

next acknowledged left shoulder impairment in reviewing the medical evidence. The ALJ stated "the claimant was treated for decreased range of motion of the shoulders in September 2021"; he was treated in October 2021 for "chronic musculoskeletal pain in his low back and shoulders"; "he was getting steroid injections to his shoulders"; an October 2022 consultative examination indicated Plaintiff could perform light work and that his low back, neck and shoulders were stable; in March 2023 plaintiff was treated for right shoulder pain and underwent right shoulder arthroscopic surgery with good results; and in 2024 when Plaintiff was seen an the ER he had normal range of motion. Tr. 41.

Based upon his review of the medical record, the ALJ concluded Plaintiff was limited to light work "with more severe limitation in reaching overhead with the right upper extremity to occasional giving some benefit of the doubt to the claimant's testimony." Tr. 42. In his opening brief, Plaintiff does not contend the ALJ misevaluated the medical evidence. Most of Plaintiff's treatment records focus on his right shoulder, not his left shoulder. *See e.g.* Tr. 336-338 (April, 2019 "neck pain radiating into bilateral arms; shoulders are nontender; full range of motion; no specific shoulder impairment diagnosis); Tr. 361 Dr. Okamura diagnoses chronic pain of both shoulders in September 2021, with right worse than left, Tr. 363; October 2022, shoulder pain stable with good range of motion Tr. 436; Plaintiff can occasionally lift 20 pounds on right and left and reach overhead Tr. 437-438; February 2023, chronic bilateral shoulder pain, Tr. 529; March 2023, Tr. 451, Plaintiff has history of right shoulder pain but complains of bilateral shoulder pain; Dr Okamura opined Plaintiff cannot reach overhead on right; limited to forward reaching 10% and forward and overhead left reaching 10% of each day Tr. 599; Physical therapy only on right shoulder 2023 post surgery Tr. 646; Physical therapy goal is to improve AROM and strength in left shoulder – goals "patient able to perform all reaching activities including

ORDER AFFIRMING AND DISMISSING THE CASE - 3

overhead movements with minimal to no pain limitations in 10 weeks, "Tr 650; July 2023,  Tr. 643 "patient reports he is doing good overall . . .  patient tolerated increased ROM today in all directions"; September 2023 Plaintiff returns status post right arthroscopic rotator cuff repair, Tr 770, no mention of left shoulder; Physical Therapy notes, October 2023, Tr 772, discussing progress on right shoulder with no mention left.

Plaintiff bears the burden to show the ALJ erred. He has failed to meet that burden by not articulating any error in the ALJ's assessment of the medical record. Plaintiff argues in both his opening and reply briefs Dr. Okamoto assessed left reaching limitations. But the ALJ discounted Dr. Okamoto's opinions and Plaintiff has not specifically challenged the ALJ's determination or shown the ALJ's determination was unreasonable.

Plaintiff does challenge the ALJ's finding Plaintiff's activities—fishing a couple times a week, organizing his shop, and mowing the yard—"suggests he is much more physically capable than alleged." *Id.*  But even if Plaintiff is correct the ALJ erred in relying upon these activities, the ALJ's finding the medical evidence does not support Plaintiff's claimed limitations is valid reason to discount left shoulder limitations and is supported by substantial evidence. The Court is thus required to uphold the ALJ's determination.

**B.      Plaintiff's Testimony**

 Plaintiff argues the ALJ erroneously discounted his testimony based on his activities: fishing, organizing his shop and mowing the lawn, and by not explaining what other evidence contradicted his testimony about the severity of his symptoms. But as noted above, the ALJ reviewed the medical evidence and stated: "the medical evidence does not fully support the claimant's alleged symptoms and limitations." Tr. 41. In reviewing the medical evidence, the ALJ found Plaintiff received steroid injections in 2021 but "no more treatment until 2023." *Id.* In

ORDER AFFIRMING AND DISMISSING THE CASE - 4

2022, he was found to have slightly decreased range of shoulder motion, mild shoulder tenderness, full strength and stable neck and shoulders. *Id.* A consultative examiner found Plaintiff could perform light work and did not include range of motion limits as to Plaintiff's shoulders. In 2023, Plaintiff had increase right shoulder symptoms and in June 2023, underwent right shoulder arthroscopic surgery with improvement in pain and range of motion, and no further treatment after October 2023 indicating the shoulder was better. The ALJ also rejected Dr. Okamura's opinions about Plaintiff's physical limitations as inconsistent with the medical record, a finding that Plaintiff has not challenged.

The Court accordingly concludes the ALJ provided a clear and convincing reasons to discount Plaintiff's testimony in finding the medical record does not support Plaintiff's claims, and affirms the Commissioner's final decision in this regard.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 9th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING AND DISMISSING THE CASE - 5